COMMONWEALTH *vs.* JOHN DIMOND.

To constitute the offence of larceny "by stealing from the person," within the Rev. Sts. *c.* 126, § 16, it is not necessary that the taking should be either openly and violently, or privily and fraudulently; but if it be with the knowledge, though without the dissent or resistance of the owner, the offence is equally committed, provided the taking be with an intention, on the part of the offender, to deprive the owner of his property.

THE defendant was tried and convicted in the municipa. court, before *Bigelow*, J., on an indictment under the Rev. Sts. *c.* 126, § 16, charging him with stealing a bank note for twenty dollars from the person of one David Moore.

At the trial, there was evidence on the part of the commonwealth to prove, that the defendant, at the request of the prosecutor, Moore, who was a stranger in the city, accompanied him from Ann street to the station of the Providence railroad, for the purpose of showing him the way ; that on their arrival in the vicinity of the station, Moore took from his wallet a twenty dollar bank bill, which he held in his hand ; that immediately after Moore took the bill from his wallet, and while he was holding it in his hand, the defendant took it from the hand of Moore, saying, as he took it, " I will get your ticket for you and bring it to you with your change ; " that the defendant thereupon went immediately across the street into a stable, and disappeared, and did not return to Moore.

It also appeared, that Moore did not assent to the taking of the bill by the defendant, nor did he dissent, or make any resistance or effort to recover the same at the time it was taken, but remained passive, supposing the defendant had no dishonest intention in taking the bill.

There was also evidence tending to show that the defendant, before his arrest, which was on the next day, had expended a portion of the money for his own use, and that he attempted to escape when the officer was about to arrest him.

The defendant introduced no evidence.

Upon the foregoing evidence, the judge instructed the jury, that to constitute the crime of larceny from the person, it was not necessary to show that the property was taken by violence, or clandestinely, or to prove a dissent or resistance on the part of the prosecutor at the time of the taking ; that if the jury were satisfied beyond a reasonable doubt, by the evidence, that the defendant, at the moment when he took the bill from the hand of the prosecutor, had the guilty intent of entirely depriving Moore of the bill, and of converting the

same to his own use, it would be their duty to find a verdict of guilty ; but, on the other hand, if they were in doubt as to the guilty intent of the prisoner, at the moment he took the bill ; or if, on the evidence, they should entertain doubts whether the prisoner might not have taken the bill for an honest purpose in the first instance, and subsequently conceived the guilty intent of taking the money to his own use, and depriving the prosecutor of it ; it would be their duty to acquit the defendant.

The jury, upon these instructions, having returned a verdict against the defendant, he thereupon alleged exceptions.

The case was argued and decided at the last November term.

*C. P. Hinds,* for the defendant.

*S. D. Parker,* (county attorney,) for the commonwealth.

SHAW, C. J. `This is an indictment on the Rev. Sts. *c.* 126, § 16, describing the offence of larceny, "by stealing from the person of another." The indictment charges the defendant with stealing a bank note for twenty dollars from the person of one Moore. [Here the judge stated the facts, from the bill of exceptions, together with the instructions of the judge of the municipal court.]

It is argued, that the act of the defendant, although admitted to be a larceny, is not a stealing from the person, within the meaning of the statute, and that to make it a stealing from the person, it must either be done openly, and against the consent of the party, or privily and without his knowledge. But it must be considered, that the law is somewhat altered in terms in the revised statutes from the preëxisting law in the *St.* of 1804, *c.* 143, § 8, in which the words are : "larceny from the person of another, either openly and violently, or privily and fraudulently," implying that the act must be the one or the other. The language of the Rev. Sts. *c.* 126, § 16, is simply : "larceny by stealing from the person of another."

The case is within the letter of the present statute, and the court are of opinion, that it is equally within its spirit

and purpose.   The bank note was in the owner's possession;
and he did not surrender that possession by handing the note
to the defendant, or consenting that he should take it.   The
witness testified, that he held the bill in his hand, and that
when the defendant said he would get his ticket, he did not
assent, nor did he dissent, or make any resistance.   The lat-
ter is understood to mean, that he made no resistance, and
did not express any dissent.   The bill, then, was property
taken from the person of the owner, with a felonious intent,
and without his consent.

The court are of opinion, that the direction of the judge,
that if at the moment of taking the bill, the defendant in-
tended to deprive the prosecutor of it, and apply it to his own
use, it was a felonious taking and stealing from the person,
was precise and accurate, properly adapted to the case, and
correct in law.                        *Exceptions overruled.*